UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.                                CASE NUMBER:  2:01-CR-98

SEANTAI SUGGS

        Defendant.

### DEFENDANT'S REPLY TO GOVERNMENTS RESPONSE TO DEFENDANT'S MOTION FOR REDUCED SENTENCE UNDER § 404(b) OF THE FIRST STEP ACT OF 2018

Comes now Defendant Seantai Suggs, by counsel, and files a reply to the Government's Response to Defendant's Motion for Reduction of Sentence.

**A.   Procedural History**

On October 25, 2019, Mr. Suggs filed "Defendant's Motion for Reduced Sentence Under § 404(B) of the First Step Act."  [DE 1497; hereinafter:  "Motion"].  On December 4, 2019, the government filed "Government's Response to Defendant's Motion for Reduction of Sentence."  [DE 1505; hereinafter:  "Govt.'s Resp."].

**B.   Government's Response**

The government argued that Mr. Suggs' Motion should be denied relief for three primary reasons.  First, the government asserted that he is not eligible for relief because Count 1 is not a covered offense.[1]  Second, the government argued in the alternative

---

[1] The government conceded that Counts 3 & 21 are covered offenses under the First Step Act. [Govt.'s Resp., p. 5-6].  Therefore, the statutory penalties would be reduced to 240 months placing him in a time served status with credit for time served.  With regard to his convictions in Counts 20 and 32 where he was sentenced to a term of 240 months and a term of 48 months respectively, Mr. Suggs is in a time served status when taking into account credit for good time.

that, if Count 2 is a covered offense, then the Court should exercise its discretion and deny relief to Mr. Suggs.  [Govt.'s Resp., p. 7-11].

**C.    Mr. Suggs' Reply**

**1.    Count 1 is a Covered Offense**

Mr. Suggs was convicted in Count 1 of Conspiracy to Possess with Intent to Distribute 5 kilograms or more of Cocaine and 50 grams or more of Crack Cocaine, 21 U.S.C. § 846 and 841(a)(1).  Based upon the cocaine portion of Count 1, the government argued that he is not eligible for relief since the Fair Sentencing Act did not modify the penalties for cocaine.  The government's approach confuses First Step Act eligibility with the court's discretionary authority to impose a reduced sentence.

Eligibility turns on whether the 2010 Fair Sentencing Act modified the penalties for the statute of conviction, and whether the defendant's offense was committed prior to the 2010 Fair Sentencing Act's enactment.  See, e.g., *United States v. Boulding*, 379 F.Supp.3d 646, 652 (W.D. Mich. May 16, 2019) ("[e]ligibility turns entirely on the categorical nature of the prior conviction. All other issues, including the proper quantity determination, are a part of a reviewing court's discretionary call on whether to modify an eligible defendant's sentence."). As a categorical matter, the penalties for 21 U.S.C. 846 were modified by the 2010 Fair Sentencing Act. Therefore, a violation of that statute constitutes a "covered offense" for purposes of 404(a) if the violation occurred prior to August 3, 2010, and the court that imposed a sentence for that offense has the authority under section 404(b) to impose a reduced sentence "as if" the 2010 Fair Sentencing Act were in effect at the time the offense was committed.

Recent courts of appeals have confirmed this view of the First Step Act.  In *United States v. Jackson*, 2019 WL 6838017 (5th Cir. Dec. 16, 2019), a panel of the Fifth Circuit

held that eligibility "under section 404(a) depends only on the statute under which he was convicted." With this decision, the Fifth Circuit joins the Fourth Circuit (*U.S. v. Wirsing*, 943 F.3d 175 (Nov. 21, 2019), Sixth Circuit (*U.S. v. Beamus*, 943 F.3d 789 (Nov. 21, 2019) and Eighth Circuit (*U.S. v. McDonald*, 2019 WL 6721187 (Dec. 11, 2019) in holding that eligibility is determined by the statute.

A conviction for a covered offense under the First Step Act occurs even if a defendant's sentence was determined by powder rather than crack cocaine. *U.S. v. McDonald*, 2019 WL 6721187 (8th Cir. Dec. 11, 2019). In *McDonald*, the defendant was convicted of distributing approximately 57 grams of crack cocaine and sentenced to life. His sentence on that count was reduced under Amendment 782 to 360 months. The district court denied McDonald's First Step Act motion because his offense involved 150 kilograms of powder cocaine, not crack cocaine. *Id.* at *1-2.

The Eighth Circuit reversed writing the following:

> "It is true, as the district court noted, that McDonald's base offense level under the Sentencing Guidelines was based on more than 150 kilograms of powder cocaine, not cocaine base. But this Guidelines calculation does not change the fact that he was convicted on Count 39 for distributing cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) (1996). The First Step Act applies to offenses, not conduct, see First Step Act § 404(a), and it is [the defendant's] statute of conviction that determines his eligibility for relief, *see, e.g.*, *United States v. Beamus*, 2019 WL 6207955, at *3 (6th Cir. Nov. 21, 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)."

*Id.* at *2.

The government argued that "the district court did not abuse its discretion by denying the defendant's motion because it had already reduced his sentence in 2016, but the Eighth Circuit disagreed:

> "But the fact that [the defendant] received a sentence reduction based on a retroactive Guidelines Amendment does not affect his eligibility for a sentence reduction under the First Step Act. A court considering a motion

3

> for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction. That the court might properly deny relief at the discretionary second step does not remedy any error in determining ineligibility at the first step."

*Id.*

The Eighth Circuit reversed and remanded for the district court to exercise its discretion whether to grant relief to the defendant.

Like the defendant in *McDonald*, Mr. Suggs was convicted of a covered offense in Count 1. Therefore, Mr. Suggs' statutory range should be reduced from a minimum of ten years and maximum of life to a minimum of five years and a maximum of 40 years. Since Count 1 is a covered offense, the First Step Act directs that the Court may exercise its discretion and consider reducing Mr. Suggs' sentence to time served.

### 2.     The Court should exercise its discretion and reduce Mr. Suggs' sentence

The government also argued that the Court should exercise its discretion and deny relief for Mr. Suggs if the Court determines that he is eligible for relief in Count 1. [Govt.'s Resp., p. 7-10]. In doing so, the government diminishes the extraordinary post-sentencing rehabilitation by Mr. Suggs. For the past 20 years, he has been a model prisoner while facing what he honestly believed was a life sentence for the first 15 years of his sentence. [Motion, p. 19; Defendant Suggs' Exhibit A]. Even after the Court denied his motions for reduced sentences due to guideline amendments, Mr. Suggs continued to conduct himself well avoiding any disciplinary problems and engaging in educational and work opportunities.

The government's argument essentially encourages the Court to ignore Mr. Suggs' extraordinary conduct within the Bureau of Prisons. [Govt.'s Resp., p. 7-9]. This

approach is directly contrary to Section 404(c) of the First Step Act that supports the conclusion that Congress intended courts to exercise their discretion in consideration of all relevant factors, not to just plug the post-Fair Sentencing Act statutory range into the original sentence. Section 404(c) provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section," but that the court may deny a motion only "after a complete review of the motion on the merits," or the defendant may file another motion. There is no plausible basis to read "complete review of the motion on the merits" as restricting "review" to plugging the post-FSA statutory range into the original sentence.

Indeed, nearly every district court has recognized that the § 3553(a) factors apply in determining whether and to what extent to impose a reduced sentence under Section 404.[2] This includes post-sentencing conduct, which is "highly relevant" to "several of

---

[2] *See, e.g., United States v. Boulding*, 379 F.Supp.3d 646, 653-54 (W.D. Mich. 2019); *United States v. Rose*, 379 F.Supp.3d 223, 234–35 (S.D.N.Y. 2019); *United States v. Smith*, 379 F.Supp.3d 543, 549 (W.D. Va. 2019); *United States v. Simons*, 375 F. Supp. 3d 379, 388-89 (E.D.N.Y. 2019); *United States v. Powell*, 360 F.Supp.3d 134, 140 (N.D.N.Y. 2019); *United States v. Gordon*, 2019 WL 3824250, at *5 (W.D. Va. Aug. 14, 2019); *United States v. Jones*, 2019 WL 3767474, at *6 (W.D. Va. Aug. 9, 2019); *United States v. Timmons*, 2019 WL 3767473, at *2 (W.D. Va. Aug. 9, 2019); *United States v. Campbell*, 2019 WL 3769962, at *2 (W.D. Va. Aug. 9, 2019); *United States v. Vanzant*, 2019 WL 3468207, at *4 (S.D. Ala. July 31, 2019); *United States v. Brookins*, 2019 WL 3450991, at *6 (W.D. Pa. July 31, 2019); *United States v. Terrell*, 2019 WL 3431449, at *4 (E.D. Tenn. July 29, 2019); *United States v. Logan*, 2019 WL 3391618, at *1 (D. Md. July 26, 2019); *United States v. Vanburen*, 2019 WL 3082725, **5-6 (W.D. Va. July 15, 2019); *United States v. Henderson*, 2019 WL 3211532, at *5 (W.D. La. July 15, 2019); *United States v. Williams*, 2019 WL 2865226, at *3 (S.D.N.Y. July 3, 2019); *United States v. Valentine*, 2019 WL 2754489, at **5, 7-9 (W.D. Mich. July 2, 2019); *United States v. Martin*, 2019 WL 2571148, at *3 (E.D.N.Y. June 20, 2019); *United States v. Herbert*, 2019 WL 2718498, at *3 (W.D. Va. June 28, 2019); *United States v. Garrett*, 2019 WL 2603531, at **3-4 (S.D. Ind. June 25, 2019); *United States v. Carter*, 2019 WL 2477626, at *4 (W.D. Va. June 13, 2019); *United States v. Martinez*, 2019 WL 2433660, *3 (S.D.N.Y. June 11, 2019); *United States v. Pride*, 2019 WL 2435685, at *6 (W.D. Va. June 11, 2019); Memorandum at 2-3, *United States v. Matos*, No. 8-CR-30019 (D. Mass. June 4, 2019), ECF No. 317; Order at 13-16, *United States v. James*, No. 4:90-CR-04051 (N.D. Fla. May 21, 2019), ECF No. 823; *United States v. Biggs*, 2019 WL 2120226, at *4 (N.D. Ill. May 15, 2019); *United States v. Brown*, 2019 WL 1895090, at *3 (D. Minn. Apr. 29, 2019); Resentencing Proceedings Transcript, *United States v. Potts*, No. 98-CR-14010 (S.D. Fla. Apr. 26, 2019); *United States v. Shelton*, 2019 WL 1598921, at *2

5

the § 3553(a) factors that Congress has expressly instructed district courts to consider" in imposing sentence. *Pepper v. United States*, 562 U.S. 476, 491 (2011). In its responses both in this District as well as in other districts around the country, the government has repeatedly agreed that the § 3553(a) factors apply in the First Step Act context.

The government also argued that the Court should disregard Mr. Suggs' post-sentencing conduct in the Bureau of Prisons because he already "receives credit for his good behavior". This argument is misguided because the government is conflating good time credit, which will only be taken away if an inmate's misconduct is serious after an administrative hearing, with extraordinary good conduct and self-improvement with one minor infraction in 18 years. Mr. Suggs' conduct has reflected the latter description which should be a significant consideration for the Court when considering his First Step Act motion.

Finally, the government encourages the Court to give undue weight to the sentencing guidelines arguing that Mr. Suggs will be placed in a better position than those defendants sentencing after the passage of the Fair Sentencing Act. [Govt.'s Resp., p. 9-10]. This argument was addressed in Mr. Suggs' Motion by demonstrating that a lower guideline range is not required for relief under the First Step Act. [p. 10-12, 17]. In fact, numerous courts have lowered defendant's sentences under the First Step Act even though the guideline range remained the same. [Motion, p. 17].

---

(D.S.C. Apr. 15, 2019); Decision and Order at 6-7, *United States v. Moreno*, No. 07-CR-101 (E.D. Wis. Apr. 12, 2019), ECF No. 43; *United States v. Wood*, 2019 WL 1510005, at *2 (W.D. Va. Apr. 5, 2019); *United States v. Hairston*, 2019 WL 1049387 (W.D. Va. Mar. 5, 2019); *United States v. Newton*, 2019 WL 1007100 (W.D. Va. Mar. 1, 2019).

The First Step Act says nothing about guideline ranges, guideline amendments, or the Sentencing Commission. It contains no reference to policy statements issued by the Sentencing Commission. *Compare* 18 U.S.C. § 3582(c)(2). Nor does it authorize the Commission to issue policy statements controlling in what circumstances or by what amount the courts may impose a reduced sentence. *Compare* 28 U.S.C. § 994(u).

Instead, each subsection of Section 404 focuses solely on sections 2 and 3 of the Fair Sentencing Act. Sections 2 and 3 of the Fair Sentencing Act modified only "statutory penalties," and Section 404 makes only sections 2 and 3 retroactive. Section 404(a) bases eligibility solely on whether the "statutory penalties" for a "statute" the defendant was convicted of violating "were modified by section 2 or 3 of the [Fair Sentencing Act]." And it uses both "statute" and "statutory" in the same sentence "to make the point clearer" that it is *not* referring to the Sentencing Guidelines. *United States v. Williams*, 402 F.Supp.3d 442, 445 (N.D. Ill. Aug. 25, 2019).

Section 404(b) authorizes the court to impose a reduced sentence within the statutory range under sections 2 and 3 of the Fair Sentencing Act. Section 404(c) prohibits relief if the sentence was "previously imposed or previously reduced in accordance with sections 2 and 3 of the [Fair Sentencing Act]." And while section 7 of the Fair Sentencing Act directed the Commission to make certain ameliorating changes to the guidelines, and section 8 directed it to make conforming amendments to § 2D1.1, Pub. L. No. 111-220, §§ 7, 8, Congress made no mention of sections 7 or 8 of the Fair Sentencing Act in Section 404 of the First Step Act. "Congress's choice to include a cross-reference to one [provision] but not the other . . . strongly suggests it acted intentionally and purposefully" in doing so. *Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1813 (2019)

7

If Congress had intended to restrict courts' discretion to the minimum of the recalculated guideline range, as under 18 U.S.C. §3582(c)(2) and § 1B1.10(b), it knew how to do so. For example, it could have said that the court "may," on motion, "reduce the term of imprisonment as if sections 2, 3, 7 and 8 of the Fair Sentencing Act were in effect, if such a reduction is consistent with policy statements issued by the Sentencing Commission." "The language of" § 3582(c)(2) "shows that when Congress intended to" empower the Sentencing Commission to limit courts' discretion, "it knew how to do so," and "Congress' omission of similar language in" the First Step Act "indicates that it did not intend to" to do so. *Custis v. United States*, 511 U.S. 485, 492 (1994); *see also Fish v. Kobach*, 840 F.3d 710, 740 (10th Cir. 2016) (when "Congress knows how to achieve a specific statutory effect, its failure to do so evinces an intent not to do so").

Congress could not have intended the courts to treat the guideline range as mandatory under the First Step Act. Congress is presumed to "legislate[] in the light of constitutional limitations." *Rust v. Sullivan*, 500 U.S. 173, 191 (1991). When Congress enacted the First Step Act in 2018, it was well established that treating the guidelines as mandatory violated the Constitution and the guidelines must be treated as advisory. *See United States v. Booker*, 543 U.S. 220 (2005). "[I]t is not only appropriate but also realistic to presume that Congress was thoroughly familiar with these unusually important precedents from [the Supreme Court] and that it expected" the First Step Act "to be interpreted in conformity with them." *Cannon v. University of Chicago*, 441 U.S. 677, 699 (1979).

Again, Congress authorized courts to "impose a reduced sentence as if sections 2 and 3 of the [FSA] were in effect." § 404(b). "Such authority requires a present-day act of imposing a sentence," and "it must be assumed that Congress knew and understood

8

the established constitutional principles that would adhere to that undertaking." *United States v. Thompson*, 2019 WL 4040403, at *6 (W.D. Pa. Aug. 27, 2019); *see also United States v. Billups*, 2019 WL 3884020, at *2 (S.D.W. Va. Aug. 15, 2019) (recognizing that "mandatory guideline ranges [are] unconstitutional" and holding that "[t]he Fair Sentencing Act, and its application through the First Step Act, is administered in light of the Supreme Court's decision in *U.S. v. Booker*"); *United States v. Mack*, 404 F.Supp.3d 871, 885 (D.N.J. July 23, 2019) (declining to conclude that it "lacks discretion to consider the guidelines advisory rather than mandatory" under § 404 because "put[ting] aside *Booker*'s signature holding" would run afoul of "current constitutional requirements for sentencing").

## Conclusion

Mr. Suggs is eligible for a reduced sentence under the First Step Act since he was convicted of covered offenses described in the law. His post-sentencing conduct warrants a reduced sentence. Therefore, the Court should exercise its discretion and sentence Mr. Suggs to a reduced sentence of time served in Counts 1, 3, and 21. This Court should also reduce the term of supervised release from five years to four years in Counts 1, 2, and 21 and from four to three years in Count 20. All other provisions of the original judgment entered on December 10, 2002, including the conditions of supervision, should remain the same.

Date:  December 30, 2019

        Respectfully submitted,

        Northern District of Indiana
        Federal Community Defenders, Inc.

        By:    s/ Jerome T. Flynn
                Jerome T. Flynn
                2929 Carlson Drive Suite 101
                Hammond, IN  46323
                Phone:  (219) 937-8020
                Fax:  (219) 937-8021

## CERTIFICATE OF SERVICE

I hereby certify that, on December 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

        s/ Jerome T. Flynn