UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:01 CR 98 |
| | ) | |
| SEANTAI SUGGS | ) | |

### OPINION and ORDER

This matter is before the court on the motion of defendant Seantai Suggs for a reduction of his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 1497.) For the reasons that follow, the motion is granted, in part, and denied, in part.

**I.    BACKGROUND**

In 2003, a jury convicted defendant of five crack cocaine charges. (DE # 328.) Count 1 alleged conspiracy to distribute 50 grams of more of crack and carried a statutory penalty of 10 years to life imprisonment, plus a minimum of 5 years of supervised release. Counts 3 and 21 alleged distribution of 5 grams or more of crack and carried statutory penalties of 5 to 40 years imprisonment, plus a minimum of 4 years of supervised release. Count 20 alleged distribution of crack and carried a statutory penalty of up to 20 years imprisonment, plus a minimum of 3 years of supervised release. Count 32 alleged use of a communication facility for distribution of crack and marijuana and carried a statutory penalty of up to 4 years imprisonment, plus a maximum of 1 year of supervised release. (DE # 1484.)

At sentencing, the court concluded that defendant was responsible for more than 1.5 kilograms of cocaine base. (DE ## 410, 1484.) Defendant's sentencing range under the United States Sentencing Guidelines was life imprisonment. The court sentenced defendant to life on Count 1, 480 months on each of Counts 3 and 21, 240 months on Count 20, and 48 months on Count 32, all to run concurrently. (DE ## 410, 1484.) The court also sentenced defendant to a 5-year term of supervised release, consisting of 5 years on Counts 1, 3, 20, and 21, and 1-year on Count 32, to run concurrently. (DE # 410.)

Defendant sought several reductions to his sentence based on Amendments to the Sentencing Guidelines. Two were denied because the court determined that defendant was responsible for a quantity of drugs which rendered him ineligible for a reduction. (DE ## 1208, 1365.) Amendment 782 to the Guidelines, however, did result in relief for defendant; the court reduced defendant's term of imprisonment to 324 months on Counts 1, 3, and 21. (DE # 1434.) The 324-month term was selected from the lowest end of the then-applicable Guidelines range of 324 - 405 months. (DE # 1484.)

Through appointed counsel, defendant has now moved for a reduction of his sentence on Counts 1, 3, and 21 pursuant to the First Step Act of 2018. (DE # 1497.) The motion is fully briefed and ripe for ruling.

**II.     DISCUSSION**

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020).

At the outset, the Government argues that, though defendant was charged with and found guilty of Count 1, which involved 50 grams of crack, the court should, for purposes of First Step Act resentencing, consider defendant responsible for 280 grams of crack since the record supports that conclusion. (DE # 1505 at 6.) Under the Government's theory, the court should find defendant ineligible for relief under the First Step Act because the higher crack quantity would place defendant squarely in the same position in terms of post-Fair Sentencing Act statutory maximums and minimums. The Government further argues that, had it known about the Fair Sentencing Act at the time of the Indictment, it would have alleged that Count 1 involved more than 280 grams of crack. (*Id.* at 6.) However, the Government's argument has been rejected by the Seventh Circuit Court of Appeals. *Shaw*, 957 F.3d at 739 (holding that "the statute of conviction alone determines eligibility for First Step Act relief," not the quantities of crack involved).

The question, for purposes of determining eligibility under the First Step Act, is whether "defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act." *Id.* at 735. In this case, the Fair Sentencing Act shifts the statutory penalty applicable to Count 1 from 10 years - life, to 5 - 40 years, and the minimum term of supervised release from 5 years, to 4 years. Further, the statutory penalty applicable to Counts 3 and 21 shifts from 5 - 40 years, to 0 - 20 years, and the minimum term of supervised release shifts from 4 years, to 3 years. Thus, because, "defendant was convicted of . . . crack-cocaine offense[s] that [were] later modified by the Fair Sentencing Act, he . . . is eligible to have a court consider whether to reduce the previously imposed term[s] of imprisonment." *Id.*

The court now considers whether a reduction in defendant's sentence is appropriate as to Counts 1, 3, and 21. As recommended by *Shaw*, 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. The court's prior consideration of the § 3553(a) factors explained at sentencing remains valid. The court has considered defendant's argument that he has completed numerous classes and earned his GED while incarcerated. (DE # 1497 at 19.) Further, the court acknowledges that defendant has not had a single infraction during his 18 years in custody, despite being subject to a life sentence for a significant portion of that time. (*Id.*; DE # 1506 at 4.) Defendant has also nearly completed payment of the $500.00 special assessment imposed by the court

4

at sentencing. (DE # 1497 at 19.) The court is also cognizant that defendant was 32 when he became incarcerated, and has been in custody for over 18 years, rendering him much older today than he was at his initial sentencing and perhaps somewhat less likely to pursue drug conspiracies in the future.

However, the court notes that defendant operated as a key part of a serious, complex, and long-term drug conspiracy. The conspiracy began in 1994 and ended in 2001, with at least 18 individuals participating. *United States v. Suggs,* 374 F.3d 508, 513 (7th Cir. 2004). Defendant was a "top lieutenant" of the organization, which was run by his brother Bobby. *Id.; United States v. Davis,* 682 F.3d 596, 606 (7th Cir. 2012). Defendant possessed a weapon during the conspiracy. *Suggs,* 374 F.3d at 512-13. Defendant has prior gang affiliations. *Id.* at 514. And, as previously noted, the conspiracy involved a significant amount of crack – more than 16 kilograms. Defendant's age does not convince the court that defendant would not necessarily be tempted to return to a life of criminal activity upon release. Further, the value of deterrence, both for defendants and for others, is a significant consideration.

The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant. Even with the application of the Fair Sentencing Act to defendant's case, the Guidelines range for defendant's crack charges is 324 - 405 months. The lowest end of this range, 324 months, is the same term of imprisonment the court found appropriate following Amendments to the Sentencing Guidelines. In other words, defendant's term of imprisonment on his crack charges is already at the lowest it can be within the Guidelines range. Although the court acknowledges it has the

5

discretion to go even lower than the Guidelines minimum, it declines to do so for the reasons articulated above.

Nonetheless, defendant's term of imprisonment on the crack charges must conform to the effects the Fair Sentencing Act had on the statutory penalties applicable to defendant. A 324-month (or 27-year) sentence is within the bounds of the post-Fair Sentencing Act statutory minimum and maximum applicable to Count 1 (5 - 40 years). However, for Counts 3 and 21, defendant's term of imprisonment may not exceed 240 months (or 20 years) under the Fair Sentencing Act; accordingly, the court will reduce defendant's term of imprisonment for Counts 3 and 21 from 324 months, to 240 months. (However, because this term of imprisonment is to be served concurrently with the 324-month term applicable to Count 1, this reduction has no practical effect in terms of defendant's ultimate release date.)

In accordance with the Fair Sentencing Act, the court also modifies defendant's terms of supervised release as follows: defendant is sentenced to a 4-year term of supervised release on Count 1, and a 3-year term of supervised release on Counts 3 and 21, to run concurrently.

Finally, the court denies defendant's request to be physically present for a hearing on the present motion. *United States v. Cooper,* 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding a resentencing hearing on a First Step Act motion, noting that "nothing in § 404 [of the First Step Act] plainly requires the district court to hold any sort of hearing at all").

## III.    CONCLUSION

For the foregoing reasons, the court **GRANTS, in part, AND DENIES, in part**, defendant's motion for resentencing under the First Step Act (DE # 1497) as follows: defendant's term of imprisonment on Counts 3 and 21 is reduced to 240 months (to run concurrently with each other and with the other terms of imprisonment imposed in this case), and defendant's terms of supervised release are reduced to 4 years on Count 1, and 3 years on Counts 3 and 21 (to run concurrently).

**SO ORDERED.**

Date: July 31, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT